IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE SEARCY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2803-X-BN |
| | § | |
| PROGRESSIVE INSURANCE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Candace Searcy filed a *pro se* complaint for damages against Progressive Insurance, alleging that, during a trial in Tarrant County in which she was suing a Progressive insured the insured "committed perjury by lying about the speed of the accident, lying about leaving the scene of an accident, and lying to the police" and "verbally assaulted" her by calling her a racial slur, which she asserts "is a federal hate crime and is a federal offense." Dkt. No. 3.

United States District Judge Brantley Starr referred Searcy's complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendant Progressive County Mutual Insurance Company, the entity that Searcy identifies as Progressive Insurance, moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. Nos. 13, 14.

After Searcy responded, *see* Dkt. No. 15, the undersigned entered findings of fact and conclusions of law recommending that the Court grant the motion under

Rule 12(b)(1) and dismiss this lawsuit for lack of jurisdiction, *see* Dkt. No. 19. Over Searcy's objections, *see* Dkt. Nos. 20-21, the Court accepted that recommendation and dismissed this lawsuit for lack of jurisdiction on April 19, 2023, *see* Dkt. No. 23.

Searcy appealed. *See* Dkt. No. 25. And, on November 28, 2023, she filed a Motion to Reopen Case: "I want this case reopened for having a 'no answer' on file and allowing the defendants to neglect paying for damages … caused in a hit and run car accident. I want my monetary damages. I will not be paying any filing fees until I get justice of this case due to the perversion of justice of minorities." Dkt. No. 34.

Since Searcy filed this motion more than 28 days after the Court dismissed the lawsuit for lack of jurisdiction, the motion should be considered under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). *Cf. Taylor v. El Centro Coll.*, No. 3:21-cv-999-D, 2022 WL 2670394, at *2 (N.D. Tex. July 11, 2022) ("[A] Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding[,]'" and "is subject to vacatur under Rule 60(b)." (quoting *Yesh Music v. Lakewood Church*, 727 F.3d 356, 362-63 (5th Cir. 2013))).

Rule 60(b)'s purpose "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981)).

So "[t]he extraordinary relief [it] afford[s] … requires that the moving party make a showing of unusual or unique circumstances justifying such relief." *Wallace*

*v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at *2 (E.D. La. Mar. 24, 2015) (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985)); *see also Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) ("[R]elief under Rule 60(b) is considered an extraordinary remedy," such "that the desire for a judicial process that is predictable mandates caution in reopening judgments." (cleaned up)).

Searcy fails to make this showing where she does not address the basis for the Court's dismissal of this action – that she failed to demonstrate that there is federal subject matter jurisdiction. And, even considering Searcy's pending appeal, the Court retains jurisdiction to – and should – deny the construed Rule 60(b) motion. *See* FED. R. CIV. P. 62.1(a)(2).

**Recommendation**

The Court should deny Plaintiff Candace Searcy's construed motion for relief under Federal Rules of Civil Procedure 60(b) [Dkt. No. 34] and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

- 3 -

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 30, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE